145 So. 501

### SMITH v. STATE.

### 6 Div. 270.

Court of Appeals of Alabama.

Jan. 10, 1933.

H. E. Mitchell and V. E. Owen, both of Cullman, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

The principal insistence of error relied upon for a reversal of the judgment of conviction, from which this appeal was taken, is the action of the court in refusing to defendant the general affirmative charge requested by him in writing. Other exceptions were reserved pending the trial, but are wholly without merit, and need no discussion.

The state's witnesses, officers of the law, testified that in close proximity to appellant's home, the distance stated being about 150 yards from his home, and within about 40 yards from defendant's "wash place," they found, on the morning stated, a whisky still, complete, and in full operation, with whisky

running from the still. They also found some manufactured or distilled whisky at the still. No one was present at the still at the time it was "raided" by the officers, but the evidence tended to show that a path with human tracks led from defendant's barn direct to the wash place and on to the still. At the still they found a man's cap and a red sweater. There was some evidence that about that time the defendant wore a sweater similar to the one found at the still; this the defendant denied. They testified also that they searched the defendant's house upon that occasion and found whisky therein. The evidence also tended to show that the appellant was arrested several weeks thereafter, and at the time of his arrest he was hidden under a bed in his home. By its several witnesses the state offered evidence of numerous and repeated efforts on the part of the officers to locate and arrest the defendant, but that no information as to his whereabouts could be obtained from his family nor from others in the community in which he lived. This, of course, tended to show flight of the defendant immediately after the commission of the offense, and was permissible under the rules of evidence prevailing in this state. There was evidence by several apparently disinterested witnesses that appellant was seen in the vicinity near where the still was located, on the same morning and at about one hour after the officers had destroyed the still and had left. This testimony tended to show also that at this time he was in company with two or three other persons, and that they had whisky in their possession at the time. The defendant, however, made strong denial of all this evidence, and testified that he was at another place some miles distant and was not with the men who talked to state witness, Mr. Quick, and his boys, as testified to by him. Thus the evidence was in conflict and the court properly held that the incriminating facts above related, coupled with others of like import, made a question for the jury, and rendered the affirmative charge inapt. This being the only point of decision necessary to discuss, and finding no error in the ruling of the trial court in this connection, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.